Filed 3/26/25  P. v. Rodriguez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JUAN GERALDO RODRIGUEZ, Defendant and Appellant. | B336217 (Los Angeles County Super. Ct. No. NA047325) |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Maria Bianca Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Juan Rodriguez appeals a resentencing order in which the trial court struck two invalid enhancements under Penal Code[1] section 1172.75, but declined to exercise its discretion to strike 12 other enhancements under section 1385, subdivision (c). We affirm.

## PROCEDURAL BACKGROUND

### I. Conviction and Direct Appeal

In 2001, a jury convicted appellant of 17 counts of robbery (§ 211) and one count of assault with a firearm (§ 245, subd. (a)(2)). For each count, the jury found true he personally used a firearm (§ 12022.53, subd. (b)). As to one count of robbery, the jury also found true that appellant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (c), (d)). The court found true prior strike, serious felony, and prior prison term enhancements (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i), 667, subd. (a)(1), 667.5, subd. (b)), and sentenced appellant to state prison for a total of 107 years plus 35 years to life.

Appellant appealed his conviction, and this court reversed the judgment on one count of robbery, reducing appellant's sentence to 101 years 8 months, plus 35 years to life in prison. (*People v. Rodriguez* (Apr. 8, 2003, B157362) [nonpub. opn.].)

### II. Resentencing Under Section 1172.75

The Department of Corrections and Rehabilitation identified appellant as potentially eligible for relief under section 1172.75, and in December 2022 the trial court appointed counsel for appellant and issued an order to show cause.

---

[1] Undesignated references are to the Penal Code.

2

On November 3, 2023, appellant filed a resentencing petition under section 1172.75 to request that the court strike two now-invalid one-year enhancements imposed under section 667.5, subdivision (b). He further requested that the court apply section 1385, subdivision (c) to strike a five-year enhancement for his prior strike, which was based on a conviction more than five years old at the time (§ 1385, subd. (c)(2)(H)), and that the court strike 12 of the 13 firearm enhancements (§ 1385, subd. (c)(2)(B), (C)). The resulting sentence would be "31 years four months plus 30 years to life in state prison." Appellant urged that he "compiled a significant record of rehabilitation while incarcerated," "is currently 53 years old and has already served 23 years in state prison," and thus posed a "reduced . . . risk of future violence." Attached to appellant's petition were certificates of completion for life skills classes and rehab programs, as well as a list of his rules violations between 2016 and 2020 while in prison. These rules violations included "[b]attery with a deadly weapon" in September 2020, "[p]ossession of a deadly weapon" in September 2018, and several instances of use of a controlled substance.

On December 5, 2023, the trial court held a hearing on appellant's resentencing. The prosecutor argued that appellant has shown "he is a danger to society," and that "during these armed robberies, he was on parole for an escape offense," which "occurred while he was imprisoned for a robbery with a gun." He had three burglaries prior to that, a vehicle tampering, and an attempted grand theft. Defense counsel drew the court's attention to appellant's age of 53 years on the date of the hearing, that he had already served 24 years in prison, and that he "has demonstrated some . . . efforts at rehabilitation." She also stated

3

her belief that appellant no longer "remains a danger to society," and reminded the court that "[t]he new re-sentencing laws are prospective." The court asked defense counsel what in appellant's prison record should lead the court to change its mind "and say he's not a danger to society currently," besides his age and the time he has served. Defense counsel pointed to the contents of the exhibits attached to appellant's petition.

After hearing arguments from both sides, the court struck appellant's two one-year priors under section 667.5, subdivision (b), and exercised its discretion to further strike the five years for appellant's prior strike, thereby reducing his sentence to 94 years 8 months, plus 35 years to life. The court declined to strike the other enhancements, finding that "the evidence, [appellant's] safety record in prison, and his prior record in this case, . . . convince [the court] by clear and convincing evidence that imposing a lesser sentence would be an undue danger to public safety."

## DISCUSSION

### I. Pertinent Law

The Legislature has made several changes to sentencing laws in recent years. Among these, Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1172.75, which declares that certain one-year sentence enhancements imposed under section 667.5, subdivision (b) before January 1, 2020, are legally invalid. It also provides a mechanism for resentencing those serving judgments that include such enhancements. (§ 1172.75, subds. (a)–(c).) Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence

would endanger public safety." (§ 1172.75, subd. (d)(1).) "If the court determines that the current judgment includes an enhancement [invalidated by section 1172.75], the court shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and in so doing, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Section 1385 contains one such change in the law. Effective January 1, 2022, Senate Bill No. 81 amended section 1385, subdivision (c) to specify factors a trial court must consider when deciding whether to strike enhancements in the interest of justice. (§ 1385, subd. (c)(2).) These factors include: "[m]ultiple enhancements . . . alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed"; "[t]he application of an enhancement could result in a sentence of over 20 years"; and an "enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B), (C), (H).) Proof of one or more of the listed factors "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety," meaning "there is a likelihood that the dismissal . . . would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

We review for abuse of discretion a trial court's determination that striking an enhancement under section 1385, subdivision (c) would endanger public safety. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225 (*Gonzalez*).) Under this standard, " ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are

5

correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.)

## II. Declining to Strike the Enhancements Was No Abuse of Discretion

Appellant argues that the trial court abused its discretion in declining to strike 12 of the 13 firearm enhancements because it used "the incorrect legal standard" by focusing exclusively on appellant's current dangerousness, and not considering his dangerousness upon his future release were his sentence reduced. "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)

Appellant's argument fails because he has not affirmatively shown error. (*People v. Sanotri* (2015) 243 Cal.App.4th 122, 126 [" ' " 'error must be affirmatively shown' " ' "].) He is correct that neither the court nor the parties expressly discussed the "change to appellant's release date" that would result from granting the relief he sought, or the fact that "his release from prison [would be] contingent on review by the Board of Parole Hearings." But on appeal we must indulge all intendments and presumptions " ' " 'on matters as to which the record is silent' " ' " in favor of the trial court's order. (*Ibid.*; see also *People v. Campbell* (2023) 98 Cal.App.5th 350, 383 ["When the record is silent as to the trial court's reasons for declining to strike a prior strike, we presume the court correctly applied the law"].) What is more, the record is not completely silent on the court's reasoning. The court

6

specifically found that "imposing a lesser sentence would be an undue danger to public safety." This statement shows that it properly considered appellant's dangerousness upon his release, not just his dangerousness on the date of the hearing. Appellant cites *Gonzalez*, *supra*, 103 Cal.App.5th 215, to support his argument that the trial court applied the wrong legal standard, but *Gonzalez* is distinguishable because, unlike here, the trial court's explicit statements showed its "singular focus on whether the defendant *currently* poses a danger." (*Id.* at pp. 224, 228.)

Nor are we convinced by appellant's argument that the record shows error on the trial court's part because the parties focused their arguments on appellant's current dangerousness. Not only do the trial court's own words dispel the notion that it focused exclusively on current dangerousness, but defense counsel also reminded the court that the resentencing laws are "prospective," and made the future-oriented statement about appellant's "hopes of being reintegrated into society" upon his release.

Appellant argues that even if the trial court properly considered his future dangerousness, "it lacked substantial evidence [to find] that appellant would endanger public safety if paroled." We disagree. Appellant has an extensive criminal history that includes shooting a woman in the leg in the course of one of many armed robberies. He also has multiple rule violations from his time in prison, including his most recent "[b]attery with a deadly weapon" committed in September 2020. He tested positive for drugs multiple times in prison, further suggesting he has not been rehabilitated, despite having spent more than two decades in prison. Such evidence " 'is reasonable, credible, and of solid value' " to support the trial court's finding

7

that striking more enhancements to reduce appellant's sentence would endanger public safety.  (*People v. Zorich* (2020) 55 Cal.App.5th 881, 886.)

Finally, we reject appellant's assertion that his counsel was ineffective for failing "to clarify" that "the assessment of appellant's dangerousness is necessarily a forward-looking inquiry."  Defense counsel told the court that the resentencing law was "prospective."  Her choice not to elaborate further may have been based on her understanding that the court knew the appropriate standard.  (*People v. Mickel* (2016) 2 Cal.5th 181, 198 ["a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an action or omission"].)  Indeed, such understanding is supported by the court's own pronouncement that "imposing a lesser sentence would be an undue danger to public safety."

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



CHAVEZ, J.



RICHARDSON, J.